## LUCIEN B. MOORE v. JAMES D. McALLISTER.

STATUTE OF FRAUDS: CONTRACT: PERFORMANCE MAY BE WAIVED OR CHANGED BY PAROL.—A parol agreement to accept performance of an executory contract for the sale of land, at a time and in a mode different from the stipulations of the written agreement, is, when executed, valid and binding on the parties; and hence, where the written agreement bound the vendor to convey title to the vendee by a certain day, if the title be afterwards conveyed to a third party, at the request of the vendee, it will be a sufficient performance.

IN error from the Circuit Court of Monroe county. Hon. J. M. Acker, judge.

McAllister sued Moore upon two bonds for $250 each, and due

respectively on the 1st of March, 1850 and 1851. These bonds were given for the purchase-money of land, and there was a clause in each of them that they were to be void, unless on or before the time they became due McAllister made a good title to the land to Moore.

The declaration states that McAllister did not make to Moore a title to the land before the first bond fell due, but that after that time, and before the second bond became due, he did, at the special instance and request of said Moore, cause R. S. Gladney and wife to make a good title to the said lot to one John Carlisle.

The defendant demurred to the declaration, and his demurrer was overruled. He then pleaded the general issue, and the cause was submitted to a jury, who found a verdict for the plaintiff for the amount of the two bonds and interest.

Upon the trial, the plaintiff proved, that between the dates when the bonds respectively fell due, he caused a deed to be made by Gladney and wife, and tendered to Moore, which he refused. It was also proven that McAllister purchased the land sold to Moore from said Gladney, and held Gladney's title bond for the same, which he assigned to Moore when he sold to him; that Moore afterwards sold to Carlisle, who went into possession; and that before the second bond fell due, Gladney and wife, at the request both of plaintiff and defendant, executed a deed to the land to Carlisle, and that Moore delivered the deed to Carlisle, and received from him the purchase-money due to him.

All this evidence was objected to by the defendant, but the court overruled the objection, and permitted the same to go to the jury. Moore prosecutes this writ of error.

*Sale* and *Phelan,* for plaintiff in error.

The defendant in error (McAllister) sued plaintiff in error (Moore) upon two sealed notes. The defence of Moore was the Statute of Frauds. An amended complaint alleged that the notes sued on were given for certain land, as appears by the notes. A stipulation of said contract, and embodied in the face of the note, was that the "note was to be void, unless on the day it fell due, or before, McAllister made (Moore) a good title to the said lot."

The complaint admitted that no such title had been made, as by

the written contract was required, and for failure of which the contract, by its own terms, became " void ;" but in lieu thereof, alleged a parol agreement made after said written contract had become void..

In England, where many exceptions under a lax construction of the Statute of Frauds have been engrafted on this statute, the allegation of the complaint, in this case, would not be allowed. The allegation is, that although the writing required a deed to be made to Moore on a fixed day, or the contract was to be " void," yet, by a subsequent parol agreement, the day fixed was waived ; Moore abandoned and gave up the interest which the written contract had given him in the land, and by another contract a deed was to be made to one Carlisle. To allow this would be, at once, to abandon the statute, and to go far beyond even the loose English decisions, now so much regretted by the English bench and bar.

We need refer but to a few of the English cases on the point.

" When the day for completing the purchase of an interest in land is inserted in a written contract, it cannot be waived by oral agreement, and another day be substituted in its place." 3 Bing. 928; 5 Scott, 196; 5 Ad. & E. 61.

" Such a substitution would virtually and substantially allow an action on an agreement, relating to the sale of land, partly in writing, signed by the parties, and partly not in writing, but by parol only, and would amount to a contravention of the Statute of Frauds." *Stowell* v. *Robinson*, 3 Bing. 937 ; Chitty on Con. 111, " Parol evidence to contradict written contract."

" Strong authorities may certainly be urged, to show that such agreement, in writing, cannot be so waived by parol." Ib. 111.

Lord Hardwick says : " It is certain that an interest in land cannot be parted with, or waived, by parol, without writing." *Bell* v. *Howard*, 9 Mod. 302.

" As to contracts, to the validity of which writing is rendered essential by statute, it has never been decided that they may be waived without writing." Chitty on Con. 111; 5 Barn. & Ad. 58.

" Where there is an entire agreement in writing, consisting of divers particulars, partly requisite to be in writing by the Statute of Frauds, and partly not within the statute, it is not competent to prove an agreed variation, even of the latter part, by oral evidence,

although that part might, of itself, have been good without writing."
1 Green. Ev. § 302.

The policy adopted and declared, in reference to the construction
of that statute, by our court, has been to hold fast to its strictest
letter; and, in so doing, has stretched the utmost reach, in holding
that, even where the reduction of the contract to writing was evaded
"by the fraud" of the party sought to be charged, it will furnish
no exception. 13 S. & M. 93.

These authorities, cited without careful search, are full to the
point, and estop the plaintiff below from setting up the subsequent
parol agreement, alleged in his complaint.

The demurrer to the complaint, therefore, should have been sus-
tained.

The defendant below objected severally to the instruments of
writing introduced by the plaintiff, because no one of them was
signed by the said defendant. They were admitted. This was
error.

The defendant also objected to the parol evidence, by which the
subsequent parol agreement was sought to be established, in con-
nection with said writings. The objection was overruled. This
was error.

The charges asked by the defendant below, should have been
given, and the refusal so to do was error.

*Yerger* and *Ruck*, for defendant in error,
Insisted that the rule was well settled, that, when there is a cove-
nant to perform a thing on a certain day, if performance of another
thing, or performance at another time be accepted in lieu thereof,
it is sufficient. *Warren* v. *Mains*, 7 Johns. R. 476; *Porter* v.
*Stewart*, 2 Aiken, 427.

*Lock E. Houston*, on same side,
Cited *Scott* v. *Peebles*, 2 S. & M. 546.

FISHER, J., delivered the opinion of the court.
The plaintiff below brought this action in the Circuit Court of
Monroe county, to recover the amount of two writings obligatory,
executed by the defendant, with condition that they were to be

void, if the plaintiff failed to make to the defendant a good title to a certain tract of land, at or before the said writings became due.

The plaintiff failed to make the title before the first obligation became due; but before the maturity of the second obligation, the defendant requested the plaintiff to procure Gladney and wife, who held the legal title, to convey the land to Carlisle, to whom the defendant had sold. This conveyance being executed, and accepted by Carlisle, the question is, whether the condition precedent has been performed, so as to enable the plaintiff to recover.

It is said that this was a contract relating to the sale of land; and that this new arrangement was an attempt to change, by a parol agreement, the original contract; and it is, therefore, invalid under the Statute of Frauds.

This statute has relation alone to executory contracts, and can never apply to contracts which have been fully executed, for the reason that such contracts as the latter can never be made the foundation of an action, unless they should be connected with some collateral matter. It may be true that this new arrangement could not be enforced, if it were merely executory; but this is not the question. The object was not to make a new contract, but merely to stipulate what should be a performance of the original contract; and it certainly cannot be contended that the parties could not agree, that performance might be made in a manner different from that originally stipulated. The party bound to convey performed his contract as soon as he complied with its terms, or conveyed in the manner prescribed by the party interested. Performance of contracts may be waived, either as to time, place, or manner of performance.

Judgment affirmed.